UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KINGMAN PARK CIVIC ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 13-990 (CKK) |
| ) | |
| v. ) | |
| ) | |
| VINCENT C. GRAY, In His Capacity as ) | |
| Mayor of the District of Columbia ) | |
| ) | |
| Defendant. ) | |
| ) | |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO STRIKE EVIDENCE AND ARGUMENTS
NEWLY RAISED IN PLAINTIFF'S REPLY
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUR-REPLY

Defendant Mayor Vincent C. Gray (the "District"),[1] by and through his undersigned counsel, submits this Memorandum of Points and Authorities in support of his motion to strike evidence and arguments newly raised in Plaintiff's reply or, in the alternative, for leave to file a sur-reply.

It is well-settled that a party may not raise new arguments or evidence in a reply. *See Thermal Dynamics Int'l, Inc. v. Safe Haven Enters., LLC*, No. 13-721, 2013 WL 3379306, at *8 (D.D.C. July 8, 2013) (CKK) (citing *Am. Wildlands v. Kempthorne,* 530 F.3d 991, 1001 (D.C.Cir.2008)).  *See also Holiday CVS, LLC v. Holder*, 839 F. Supp. 2d 145, 171 n. 16 (D.D.C. 2012) (declining to consider new evidence and legal arguments raised for the first time on reply). Where a movant "raises argument for the first time in his reply to the non-movant's opposition, the court will either ignore those arguments in resolving the motion or provide the non-movant

---

[1] Mayor Gray is sued in his official capacity only.  It is well-settled that a suit against a government official in his or her official capacity is, in actuality, a suit against the employing government.  *Walker v. Washington,* 627 F.2d 541, 544 (D.C. Cir. 1980).

1

an opportunity to respond to those argument by granting leave to file a sur-reply." *Baloch v. Norton*, 517 F. Supp. 2d 345, 349 n.2 (D.D.C. 2007).  Where evidence or legal arguments are raised for the first time in a reply, courts in this and other circuits have elected to strike such newly raised material from the record.  *See Jones v. Mukasey*, 565 F. Supp. 2d 68, 81 (D.D.C. 2008) (ESH) (granting motion to strike portions of reply brief that raised a new legal argument); *see also, e.g.*, *Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1138 n. 11 (9th Cir. 2011); *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010).

Here, Plaintiff's Reply contains significant new factual material that was not previously included in its motion papers.  In particular, Plaintiff attaches to its Reply six separate factual declarations from purported members of the Kingman Park neighborhood (*see* Reply, Ex. 1); excerpted pages from three separate papers or presentations concerning electromagnetic fields (*see id.* Ex. 4); and excerpted pages from a 1993 Environmental Impact Study apparently prepared in connection with the proposed construction of RFK Stadium (*see id.* Ex. 5).  Plaintiff relies on these newly introduced documents to advance new arguments in support its standing in this lawsuit (Reply, at 3-4), and its allegations concerning the likelihood of environmental harm (*id.* at 10-12).

Plaintiff has not attempted to explain why it failed to include this material in either its initial or amended motion papers.  In any case, by waiting until after the District submitted its Opposition, Plaintiff has left the District without an opportunity to respond to these new documents and arguments.  As a result, the Court should disregard this newly-raised material in ruling on the instant motions.  *See Baloch*, 517 F. Supp. 2d at 349 n.2.  Indeed, as the material introduced for the first time in the Reply is not properly before this Court, the District requests that the Court strike Exhibits 1, 4 and 5 of the Reply from the record entirely, together with the

arguments relying upon such documents (*id.* at 3-4; 10-12).  *See Jones*, 565 F. Supp. 2d at 81 (granting motion to strike portions of reply brief that raised a new legal argument).

Alternatively, if the Court chooses to consider the new facts and arguments raised by Plaintiff in the Reply, it should grant the District leave to file a Sur-reply in the form attached to this motion.  *See Baloch*, 517 F. Supp. 2d at 349 n.2.

Dated:  July 23, 2013                             Respectfully submitted,

                                                 IRVIN B. NATHAN
Attorney General
for the District of Columbia

ELLEN EFROS
Deputy Attorney General
Public Interest Division

/s/ Grace Graham
 GRACE GRAHAM, D.C. Bar No. 472878
Chief, Equity Section
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
Telephone: (202) 442-9784
Facsimile: (202) 741-8892
Email: grace.graham@dc.gov

*/s/  Chad A. Naso*
CHAD A. NASO [1001694]
Assistant Attorney General
Office of the Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-7854 (o)
(202) 741-8951 (f)
chad.naso@dc.gov

/s/ Alicia Cullen
ALICIA M. CULLEN[2]
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-5868 (o)
(202) 715-7721 (f)
alicia.cullen@dc.gov

*Counsel for Defendant*
*Vincent C. Gray,*
*Mayor of the District of Columbia*

---

[2] District of Columbia Bar application pending.  Member of State Bar of Kentucky in good standing. Authorized by the Office of the Attorney General for the District of Columbia to provide legal services pursuant to Rules of the United States District Court for the District of Columbia Local Rule 83.2(f).